```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
```

FREDDY COLON RODRIGUEZ,

                                               Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF CORRECTION,
NEW YORK CITY BOARD OF CORRECTION AND
THE CITY OF NEW YORK,

                                               Defendants.

**LOCAL RULE 56.2 NOTICE TO PRO SE LITIGANTS OPPOSING MOTION FOR SUMMARY JUDGMENT**[1]

07 CV 8126 (GBD)

```
------------------------------------------------------------------- x
```

      **PLEASE TAKE NOTICE** that defendants New York City Department of Correction, New York City Board of Correction, and the City of New York have moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Local Rule 12.1 requires defendants to submit this notice in the event that the Court treats defendants' motion as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendants have asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. **The claims you assert in your Complaint may be dismissed without a trial if you do not respond to this motion by filing your own sworn affidavits or other papers as required by Rule 56(e).** An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached.

---

[1] Pursuant to Local Rule 12.1, this Local Rule 56.2 Notice to Pro Se Litigants is served and filed in the event the Court should deem the Defendants' Motion to Dismiss as a motion for Summary Judgment.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your Complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial. Any witness statements, which may include your own statements, must be in the form of affidavits. You may submit affidavits that were prepared specifically in response to defendants' motion for summary judgment.

Any issue of fact that you wish to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the defendants. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial.

**IF YOU HAVE ANY QUESTIONS, YOU MAY DIRECT THEM TO THE PRO SE OFFICE OF THE SOUTHERN DISTRICT OF NEW YORK.**

Dated: New York, New York
      November 21, 2007

                Michael A. Cardozo
                Corporation Counsel of the
                City of New York
                Attorney for Defendants New York City
                Department of Correction, New York City Board of
                Correction, and the City of New York
                100 Church Street
                New York, New York 10007
                (212) 788-0971

            By: _____
                  Anna Nguyen
                  Assistant Corporation Counsel
                  Special Federal Litigation Division

- 3 -

To:    <u>BY MAIL</u>
        Freddy Colon Rodriguez
        Plaintiff <u>Pro</u> <u>Se</u>
        918 Dumont St., Apt. 1-F
        Brooklyn, NY 11207

## Rule 55

RULES OF CIVIL PROCEDURE

### 1987 Amendment

The amendments are technical. No substantive change is intended.

### Rule 56. Summary Judgment

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES

#### 1937 Adoption

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there the records of New York county alone show 5,600 applications for summary judgments. Report of the Commission on the Administration of Justice in New York State (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6, Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) § 14260) and Illinois (Smith-

Hurd Ill.Stats. c. 110, §§ 181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

**Note to Subdivision (d).** See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the Note thereto.

**Note to Subdivisions (e) and (f).** These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

### 1946 Amendment

**Note to Subdivision (a).** The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco*, N.D.Cal.1944, 58 F.Supp. 25, the plaintiff's countermotion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily must elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.*, C.C.A.2, 1939, 107 F.2d 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in a case where the defendant himself makes a motion for summary judgment within that time, there is no reason to restrict the plaintiff and the amended rule so provides.

**Subdivision (c).** The amendment of Rule 56(c), by the addition of the final sentence, resolves a doubt expressed in *Sartor v. Arkansas Natural Gas Corp.*, 1944, 64 S.Ct. 724, 321 U.S. 620, 88 L.Ed. 967. See also Commentary, Summary Judgment as to Damages, 1944, 7 Fed.Rules Serv. 974; *Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co.*, C.C.A.2, 1945, 147 F.2d 399, certiorari denied 1945, 65 S.Ct. 1201, 325 U.S. 861, 89 L.Ed. 1982. It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right to summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

**Subdivision (d).** Rule 54(a) defines "judgment" as including a decree and "any order from which an appeal lies."

Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary "judgment" is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. See *Leonard v. Socony-Vacuum Oil Co.*, C.C.A.7, 1942, 130 F.2d 535; *Biggins v. Oltmer Iron Works*, C.C.A.7, 1946, 154 F.2d 214; 3 *Moore's Federal Practice*, 1938, 3190–3192. Since interlocutory appeals are not allowed, except where specifically provided by statute, see 3 Moore, op. cit. supra, 3155–3156, this interpretation is in line with that policy, *Leonard v. Socony-Vacuum Oil Co.*, supra. See also *Audi Vision Inc. v. RCA Mfg. Co.*, C.C.A.2, 1943, 136 F.2d 621; *Toomey v. Toomey*, 1945, 149 F.2d 19, 80 U.S.App.D.C. 77; *Biggins v. Oltmer Iron Works*, supra; *Catlin v. United States*, 1945, 65 S.Ct. 631, 324 U.S. 229, 89 L.Ed. 911.

### 1963 Amendment

**Subdivision (c).** By the amendment "answers to interrogatories" are included among the materials which may be considered on motion for summary judgment. The phrase was inadvertently omitted from the rule, see 3 Barron & Holtzoff, *Federal Practice & Procedure* 159–60 (Wright ed. 1958), and the courts have generally reached by interpretation the result which will hereafter be required by the text of the amended rule. See Annot., 74 A.L.R.2d 984 (1960).

**Subdivision (e).** The words "answers to interrogatories" are added in the third sentence of this subdivision to conform to the amendment of subdivision (c).

The last two sentences are added to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device. A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are "well-pleaded," and not suppositious, conclusory, or ultimate. See *Frederick Hart & Co., Inc. v. Recordgraph Corp.*, 169 F.2d 580 (3d Cir. 1948); *United States ex rel. Kolton v. Halpern*, 260 F.2d 590 (3d Cir. 1958); *United States ex rel. Nobles v. Ivey Bros. Constr. Co., Inc.*, 191 F.Supp. 383 (D.Del.1961); *Jamison v. Pennsylvania Salt Mfg. Co.*, 22 F.R.D. 238 (W.D.Pa.1958); *Bunny Bear, Inc. v. Dennis Mitchell Industries*, 139 F.Supp. 542 (E.D.Pa.1956); *Levy v. Equitable Life Assur. Society*, 18 F.R.D. 164 (E.D.Pa.1955).

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. See

**Rule 56**

6 *Moore's Federal Practice* 2069 (2d ed. 1953); 3 Barron & Holtzoff, supra, § 1235.1.

It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment.

The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example: Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 57. Declaratory Judgments

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949.)

### ADVISORY COMMITTEE NOTES
### 1937 Adoption

The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy" giving rise on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing as on a motion, as provided for in California (Code Civ.Proc. (Deering, 1937) § 1062a), Michigan (3 Comp.Laws (1929) § 13904), and Kentucky (Codes (Carroll, 1932) Civ.Pract. § 639a-3).

The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 1936, 56 S.Ct. 466, 473, 297 U.S. 288, 80 L.Ed. 688. The existence or non-existence of any right, duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal relations depend, or of a status, may be declared.

The petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings.

When declaratory relief will not be effective in settling the controversy, the court may decline to grant it. But the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable, or inappropriate, the court may *sua sponte*, if it serves a useful purpose, grant instead a declaration of rights. *Hasselbring v. Koepke*, 1933, 248 N.W. 869, 263 Mich. 466, 93 A.L.R. 1170. Written instruments, including ordinances and statutes, may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the Federal act. Compare *Aetna Life Insurance Co. v. Haworth*, 1937, 57 S.Ct. 461, 300 U.S. 227, 81 L.Ed. 617, 108 A.L.R. 1000; *Nashville, Chattanooga & St. Louis Ry. v. Wallace*, 1933, 53 S.Ct. 345, 288 U.S. 249, 77 L.Ed. 730, 87 A.L.R. 1191; *Gully, Tax Collector v. Interstate Natural Gas Co.*, 82 F.2d 145 (C.C.A.5, 1936); *Ohio Casualty Ins. Co. v. Plummer*, Tex.1935, 13 F.Supp. 169; Borchard, Declaratory Judgments (1934), *passim*.

### 1948 Amendment

The amendment effective October 1949, substituted the reference to "Title 28, U.S.C., § 2201" in the first sentence for the reference to "Section 274(d) of the Judicial Code, as amended, U.S.C., Title 28, § 400".

## Rule 58. Entry of Judgment

**(a) Separate Document.**

(1) Every judgment and amended judgment must be set forth on a separate document, but a separate document is not required for an order disposing of a motion:

(A) for judgment under Rule 50(b);
(B) to amend or make additional findings of fact under Rule 52(b);
(C) for attorney fees under Rule 54;
(D) for a new trial, or to alter or amend the judgment, under Rule 59; or
(E) for relief under Rule 60.

(2) Subject to Rule 54(b):

(A) unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

(i) the jury returns a general verdict,
(ii) the court awards only costs or a sum certain, or
(iii) the court denies all relief;

(B) the
of the jud
enter, wh
(i) th
general
or
(ii) t
scribed

**(b) Time of**
poses of these

(1) if Rul
document, w
under Rule 7

(2) if Rule
when it is e
79(a) and wh

(A) whe
ment, or
(B) whe
civil docket

**(c) Cost or F**

(1) Entry
the time for
or award fee

(2) When
made under I
a notice of a
effective to c
effect under
4(a)(4) as a ti

**(d) Request**
judgment be s
required by Rul
(As amended Dec.
eff. July 1, 1963;
2002, eff. Dec. 1, 2

ADVI

See Wis.Stat. (1
on verdict of jury
trial is by the co
§ 270.63 (entered
for money). Com
and 4 Mont.Rev.C
that judgment in
hours after ver
Com.Practice Boo
ments shall be ent
other States such
tion, 1932), § 431, ;
days after the re
motions for new tr
ments shall be ent
direction.