Index No. 07 Civ. 8126 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDY COLON RODRIGUEZ,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTION, NEW YORK CITY BOARD OF CORRECTION AND THE CITY OF NEW YORK,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants New York City Department of Correction, New York City Board of Correction, and the City of New York*
*100 Church Street*
*New York, N.Y. 10007*

Of Counsel: Anna Nguyen
Tel: (212) 788-0971

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

RULE 12(B)(6) STANDARD FOR DISMISSAL .......... 2

ARGUMENT

POINT I

PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK .......... 3

POINT II

DOC AND THE BOARD OF CORRECTION ARE NOT SUABLE ENTITIES. .......... 6

POINT III

ANY STATE LAW CLAIMS PLAINTIFF MAY HAVE SHOULD BE DISMISSED. .......... 8

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Cases** **Pages**

ATSI Communs., Inc. v. Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007)....2, 3

Adams v. Galletta,
966 F. Supp. 210 (S.D.N.Y. 1997) ....7

Allan v. City of New York,
386 F. Supp. 2d 542 (S.D.N.Y. 2005)....4, 7

Barchet v. New York City Transit Auth.,
20 N.Y.2d 1 (1967) ....8

Bell Atl. Corp. v. Twombly,
___ U.S. ___, 127 S. Ct. 1955 (2007)....3, 6

Brogdon v. City of New Rochelle,
200 F. Supp. 2d 411 (S.D.N.Y. 2002)....9

Bryant v. Maffucci,
923 F.2d 979 (2d Cir.),
cert. denied, 502 U.S. 849 (1991) ....5

Byas v. New York City Dep't of Corr.,
173 F.R.D. 385 (S.D.N.Y. 1997) ....7

Carmody v. City of New York,
05 Civ. 8084 (HB), 2006 U.S. Dist. LEXIS 25308 (S.D.N.Y. May 11, 2006)....7

City of Canton v. Harris,
489 U.S. 378 (1989)....4, 5

City of St. Louis v. Praprotnik,
485 U.S. 112 (1988)....4

Conley v. Gibson,
355 U.S. 41 (1957)....2, 3

Dwares v. City of New York,
985 F.2d 94 (2d Cir. 1993)....5

**Cases** **Pages**

Echevarria v. Dep't of Corr. Servs.,
48 F. Supp. 2d 388 (S.D.N.Y. 1999) ..... 7

Estelle v. Gamble,
429 U.S. 97 (1976) ..... 6

Grays v. City of New Rochelle,
354 F. Supp. 323 (S.D.N.Y. 2005) ..... 9

Ketterman v. City of New York,
00 Civ. 1678 (NRB), 2001 U.S. Dist. LEXIS 6979 (S.D.N.Y. May 30, 2001) ..... 6

McGriff v. Coughlin,
640 F. Supp. 877 (S.D.N.Y. 1986) ..... 6

Mercedes v. Blue,
00 Civ. 9225 (RMB), 2004 U.S. Dist.
LEXIS 19617 (S.D.N.Y. Sept. 29, 2004) ..... 9

Monell v. Dep't of Soc. Servs.,
436 U.S. 658 (1978) ..... 3, 4, 5

Oklahoma City v. Tuttle,
471 U.S. 808 (1985) ..... 3, 4, 5

In re Parmalat Sec. Litig.,
04 MD 1653 (LAK), 2007 U.S. Dist. LEXIS 58881 (S.D.N.Y. Aug. 8, 2007) ..... 3

Parratt v. Taylor,
451 U.S. 527 (1984) ..... 3

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986) ..... 4

Petway v. City of New York,
02 Civ. 2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783 (E.D.N.Y Sept. 2, 2005) ..... 7

Ruiz v. Herrera,
745 F. Supp. 940 (S.D.N.Y. 1991) ..... 9

Silberstein v. County of Westchester,
92 A.D. 867 (2d Dep't 1983),
aff'd, 62 N.Y.2d 675 (1984) ..... 8

**Cases** **Pages**

Sorlucco v. New York City Police Dep't,
971 F.2d 864 (2d Cir. 1992)....................4

Staron v. McDonald's Corp.,
51 F.3d 353 (2d Cir. 1995)....................2

Transhorn, Ltd. v. United Techs. Corp.,
06 Civ 3128, 2007 U.S. App.
LEXIS 21086 (2d Cir. 2007)....................3

Vippolis v. Village of Haverstraw,
768 F.2d 40 (2d Cir. 1985),
cert. denied, 480 U.S. 916 (1987)....................4

Walker v. City of New York,
974 F.2d 293 (2d Cir. 1992)....................4

**Statutes**

28 U.S.C. § 1746....................11

42 U.S.C. § 1983....................1, 3, 5

Fed. R. Civ. P. 12(b)(6)....................1, 2, 3, 11

GML § 50-e....................8, 9

GML § 50-e(1) (b)....................8

GML §50-i....................8, 9

GML § 50(i) (1) (a)....................8

New York City Charter § 396....................7

New York City Charter § 626....................7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

FREDDY COLON RODRIGUEZ,

Plaintiff, 07 Civ. 8126 (GBD)

-against-

NEW YORK CITY DEPARTMENT OF CORRECTION, NEW YORK CITY BOARD OF CORRECTION AND THE CITY OF NEW YORK,

Defendants.

---------------------------------------------------------------------x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## PRELIMINARY STATEMENT

Plaintiff Freddy Colon Rodriguez brings this action against defendants New York City Department of Correction ("DOC"), New York City Board of Correction ("Board of Correction") and the City of New York ("City"), collectively "Defendants," alleging he was deprived of his civil rights under federal law and the United States Constitution.[1] Specifically, plaintiff alleges that defendants failed to provide a safe environment for him while he was incarcerated at Rikers Island Correctional Facility, which allegedly resulted in his being attacked by another inmate on September 20, 2004. As a result of this alleged attack, plaintiff claims he sustained injuries requiring treatment and seeks damages in the amount of $5,000,000.

Defendants now move this Court to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and submit this memorandum of law in support

[1] Although the complaint does not expressly reference the statute, plaintiff purportedly brings this action pursuant to 42 U.S.C. § 1983.

of their motion on the ground that the complaint fails to state a cause of action upon which relief can be granted. Defendants so move, first, because plaintiff fails to state a viable claim against the City. Second, neither DOC nor the Board of Correction are separate legal entities from the City and therefore are not suable entities. Accordingly, all claims against defendants should be dismissed.

## STATEMENT OF FACTS

Plaintiff alleges that on or about September 20, 2004, plaintiff, while incarcerated at Rikers Island Correctional Facility, was assaulted by another inmate, causing physical and mental injuries. Compl., ¶ 4. Plaintiff further alleges that the assault was the result of defendants' exposing the plaintiff to dangerous conditions of incarceration and failure to provide a reasonably safe environment. Id. at ¶¶ 3-4. Specifically, plaintiff claims his attacker, who was believed to have had mental or emotional problems and a history of mental impairment, was a danger to plaintiff as well as the general population. Id. at ¶ 5. Plaintiff, proceeding pro se, commenced this action on September 17, 2007 by filing a summons and complaint bearing the same date.

## RULE 12(B)(6) STANDARD FOR DISMISSAL

Until recently, dismissal under Rule 12(b)(6) was only appropriate when "it appear[ed] beyond a shadow of a doubt that the plaintiff [could] prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). However, the Second Circuit has since held that "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)); In re

Parmalat Sec. Litig., 04 MD 1653 (LAK), 2007 U.S. Dist. LEXIS 58881, at **27-28 (S.D.N.Y. Aug. 8, 2007) (recognizing that the Conley standard has been supplanted by the Twombly standard); see also Transhorn, Ltd. v. United Techs. Corp., 06 Civ 3128, 2007 U.S. App. LEXIS 21086, at **6-7 (2d Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"). For the purposes of the motion, the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." ATSI Communs., 493 F.3d at 98.

Pursuant to Rule 12(b)(6), all claims against defendants should be dismissed as a matter of law.

## ARGUMENT

## POINT I

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK

Plaintiff's claims against the City of New York should be dismissed for failure to state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689-91 (1978). "The plaintiff must first prove the existence of a municipal policy or custom

in order to show that the municipality took some action that caused [his] injuries ... Second, the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and the deprivation of [his] constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing Tuttle, 471 U.S. at 824 n.8). Therefore, in order to establish municipal liability, plaintiff must demonstrate that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." Monell, 436 U.S. at 694.

To prove the existence of a policy or custom, plaintiff must establish one of the following: (1) a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision which caused the alleged violation of plaintiff's constitutional rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled as to constitute "custom or usage," and proof that this practice was so manifest or widespread as to imply the constructive acquiescence of policymaking officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1988) (plurality opinion); Sorlucco v. New York City Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992); or, if liability is based on a claim of failure to train or supervise, that (4) "the failure to train amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); see also Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992); Allan v. City of New York, 386 F. Supp. 2d 542, 545 n.3 (S.D.N.Y. 2005). Municipal liability will not attach if plaintiff is unable to establish any one of the above requirements.

If plaintiff is able to prove the existence of a policy or custom, plaintiff must also show a "direct causal link between the municipal policy or custom and the alleged deprivations." City of Canton v. Harris, 489 U.S. at 385. Therefore, a plaintiff asserting a § 1983 violation against a municipality is required to establish that he/she was deprived of a federally guaranteed right as a result of an established municipal custom or policy. Moreover, a plaintiff must demonstrate that the municipality made a deliberate choice, implemented through this "policy" or "custom" which acted as "the moving force [behind] the constitutional violation." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); Bryant v. Maffucci, 923 F.2d 979, 986 (2d Cir.), cert. denied, 502 U.S. 849 (1991); Monell, 436 U.S. at 694. Hence, establishing a municipal "policy" or "custom" alone will not suffice. Monell liability will not attach unless this "policy" or "custom" was also the basis of plaintiff's constitutional deprivation.

In the instant action, plaintiff has failed to state a claim regarding the existence of any such municipal policy, practice, or custom resulting in a violation of his constitutional rights. Plaintiff's assertion that he was attacked by an inmate who was believed to have had mental or emotional problems is legally insufficient to establish a municipal policy. Placing a single, individual inmate into the general population does not rise to the level of a policy or custom. See Tuttle, 471 U.S. at 823-34 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); Dwares, 985 F.2d at 100 ("A single incident alleged in a complaint ... generally will not suffice to raise an inference of the existence of a custom or policy.").

Although plaintiff claims the environment at Rikers was unsafe, he does not identify any particular policy, practice, or custom that would make it so. While a complaint filed

by a pro se plaintiff is to be construed liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976), the contention that the environment at Rikers Island was "unsafe" is not supported by factual allegations to make the complaint "plausible." See Twombly, 127 S. Ct. at 1974. Plaintiff fails to describe with any particularity how Rikers Island was unsafe apart from the result – one alleged attack by a fellow inmate.

Significantly, the complaint fails to allege that any person, on any level, at Rikers Island, at DOC, or on the Board of Correction had actual knowledge of the attacker's alleged mental problems or of any risk of harm to plaintiff. Nor does plaintiff allege that any correction officer stood by during the assault or failed to intervene. Simply put, "not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety." Ketterman v. City of New York, 00 Civ. 1678 (NRB), 2001 U.S. Dist. LEXIS 6979, at *21 (S.D.N.Y. May 30, 2001); see also McGriff v. Coughlin, 640 F. Supp. 877, 880 (S.D.N.Y. 1986) ("The Constitution does not guarantee an assault-free prison environment.").

Moreover, plaintiff does not demonstrate how the inclusion of an allegedly mentally unstable inmate in the general population caused the attack on plaintiff. Plaintiff's conclusory statement that the alleged attack was the "direct result" of the unsafe environment at Rikers Island is not enough to establish a nexus between the two occurrences.

Accordingly, all claims against the City of New York must be dismissed.

## POINT II

## DOC AND THE BOARD OF CORRECTION ARE NOT SUABLE ENTITIES.

Plaintiff's claims against DOC and the Board of Correction should be dismissed because they are without legal existence independent of the City and are therefore not suable

entities. According to § 396 of the New York City Charter, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." As a matter of well-established law, DOC is not a suable entity. Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999); Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); Byas v. New York City Dep't of Corr., 173 F.R.D. 385, 387-88 (S.D.N.Y. 1997). Likewise, the Board of Correction is also a municipal agency of the City of New York and not a suable entity. See N.Y. City Charter § 626; cf. Allan v. City of New York, 386 F. Supp. 542, 545 (S.D.N.Y. 2005) (holding that NYPD is a non-suable entity); Carmody v. City of New York, 05 Civ. 8084 (HB), 2006 U.S. Dist. LEXIS 25308, at **7-8 (S.D.N.Y. May 11, 2006) (holding that CCRB is a non-suable entity); Petway v. City of New York, 02 Civ. 2715 (NGG) (LB), 2005 U.S. Dist. LEXIS 37783, at **7-8 (E.D.N.Y. Sept. 2, 2005) (holding that NYPD, FDNY, and EMS are not suable entities).

Accordingly, all claims against DOC and the Board of Correction must be dismissed.

## POINT III

## ANY STATE LAW CLAIMS PLAINTIFF MAY HAVE SHOULD BE DISMISSED.

At the outset, defendants note that plaintiff does not appear to allege any state law claims in his complaint. Nonetheless, to the extent that the complaint may be construed to allege a cause of action under state law, such claims must be dismissed for plaintiff's failure to timely file a notice of claim. Section 50-i of the New York General Municipal Law states:

> No action … shall be prosecuted or maintained against a city … for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city … or any officer, agent or employee thereof … unless … a notice of claim shall have been made and served upon the city … in compliance with section fifty-e of this chapter.

N.Y. Gen. Mun. L. § 50-i (Consol. 2001).

Under New York law, when suing the City or its employees, a Notice of Claim is required pursuant to GML § 50-e(1)(b). GML § 50-e requires that a notice of claim be filed within ninety days of the accrual of the cause of action when a suit is being brought against a municipality and/or its employees. Therefore, when suing the City and/or its employees, plaintiff must timely file a notice of claim.

Moreover, a Notice of Claim is a statutory precondition to suit against a municipality or any of its officers, agents or employees. GML §§ 50-e and 50(i)(1)(a). Barchet v. New York City Transit Auth., 20 N.Y.2d 1, 6 (1967). The failure to comply with this condition is grounds for dismissal of the action. See Silberstein v. County of Westchester, 92 A.D. 867 (2d Dep't 1983), aff'd, 62 N.Y.2d 675 (1984).

GML §§ 50-e and 50-i require that plaintiffs asserting state tort law claims against a municipal entity or its employees acting in the scope of employment must: (1) file a notice of claim within ninety days after the incident giving rise to the claim, and (2) commence the action within a year and ninety days from the date on which the cause of action accrues. GML §§50-e and 50-i.

Courts have held that failure to comply with the notice of claim requirements requires dismissal of the claims. See, e.g., Grays v. City of New Rochelle, 354 F. Supp. 323, 326 (S.D.N.Y. 2005); Mercedes v. Blue, 00 Civ. 9225 (RMB), 2004 U.S. Dist. LEXIS 19617, at **35-36 (S.D.N.Y. Sept. 29, 2004); Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411 (S.D.N.Y. 2002); Ruiz v. Herrera, 745 F. Supp. 940 (S.D.N.Y. 1991) (dismissing tort claims where plaintiff failed to comply with notice of claim requirements).

In the instant case, plaintiff failed to comply with GML § 50-e, which required him to file a notice of claim on the City within ninety days of the date of the incident which occurred on September 20, 2004. As per GML § 50-e, plaintiff was required to serve his Notice of Claim on or before December 20, 2004. In this case, no notice of claim has been filed by plaintiff to date. Therefore, any state law claims plaintiff may be construed to assert against the City must be dismissed.

**CONCLUSION**

For the foregoing reasons, defendants New York City Department of Correction, New York City Board of Correction, and the City of New York respectfully request that the Court dismiss the Complaint in Docket No. 07 Civ. 8126 (GBD), together with such other and further relief as this Court may deem just and proper.

Dated: New York, NY
November 21, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, NY 10007
(212) 788-0971

By: ______________________
Anna Nguyen
Assistant Corporation Counsel
Special Federal Litigation Division

TO: BY MAIL
Freddy Colon Rodriguez
Plaintiff Pro Se
918 Dumont St., Apt. 1-F
Brooklyn, NY 11207