UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
  FREDDY COLON-RODRIGUEZ,                         :

                           Plaintiff,    :

                                           :          ORDER

                 - against -                      :          07-cv-8126 (GBD)(MHD)

                                               :

NEW YORK CITY DEPARTMENT OF            :
CORRECTION, NEW YORK CITY BOARD OF
CORRECTION, AND THE CITY OF NEW YORK,  :

                                  Defendants.  :
------------------------------------------------------------x

George B. Daniels, United States District Judge:

    *Pro se* plaintiff, Freddy Colon-Rodriguez, commenced this action against the New York City Department of Correction ("DOC"), the New York City Board of Correction ("BOC"), and the City of New York ("the City"). Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 arising out of an attack he suffered at the hands of a fellow inmate while he was incarcerated at the Anna M. Kross Center at Rikers Island. Defendants moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This matter was referred to Magistrate Judge Michael H. Dolinger for a report and recommendation (the "Report"). Magistrate Judge Dolinger issued the Report, recommending that defendants' motion to dismiss the DOC and BOC be granted and that the motion be denied with respect to plaintiff's other claims. This Court accepts the Report's recommendations in their entirety.

    This Court may accept, reject or modify, in whole or in part, the findings and

recommendations set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Kashelkar v. Village of Spring Valley, No. 07 civ. 2500, 2009 WL 928090, at * 1 (2d Cir. Apr. 7, 2009). If the parties file objections to a report, the Court must make a *de novo* determination of those portions of the report to which objections are submitted. Id.; see also Fed. R. Civ. P. 72(b). After reviewing a report, this Court may receive further evidence from the litigants or recommit the mater to the magistrate judge with further instructions. See id.; 28 U.S.C. § 636(b)(1)(C). If the parties choose not to file objections, this Court may accept the Report so long as it is not facially erroneous. See Fed. R. Civ. P. 72(b)(3).

The magistrate judge correctly determined that DOC and BOC are not suable entities. See Report at 9; see also Fed. R. Civ. P. 17(b)(3) ("capacity to sue or be sued is determined ... by the law of the state where the court is located"); 17 New York City Ch. § 398 (1998) ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency"). The Report noted that courts of this district have consistently held that DOC and BOC cannot be named as defendants in a § 1983 action. See, e.g., Renelique v. Doe, 99 civ. 10425, 2003 WL 23023771, at * 6 (S.D.N.Y. Dec. 29, 2003); Echevarria v. Dep't. of Correctional Services of N.Y. City, 48 F. Supp.2d 388, (S.D.N.Y. May 5, 1999).

The magistrate judge also concluded that, under the standard set forth in Letherman v. Tarrant City Narcotics Intell. & Coord. Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), plaintiff's allegations sufficiently state a § 1983 claim against the City. To

assert a viable § 1983 claim, plaintiff must allege that he suffered a violation of his constitutional rights as a result of a policy or custom implemented by the City.  See Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007) (citing Monell v. Dep't of Social Servs. of the City of N.Y., 436 U.S. 658, 98 S. Ct. 2018 (1978)); see also Matican v. City of N.Y., 524 F.3d 151, (2d Cir. 2008) (holding that "unjustified intrusions on personal security" are "[a]mong the liberties protected by the Due Process Clause of the Fourtheenth Amendment").  Plaintiff alleges that, despite his repeated warnings that he would be assaulted by a specific inmate and the fact that plaintiff and at least one other person informed a prison officer that the inmate who eventually assaulted plaintiff was "acting in a disruptive manner," prison officials failed to adequately protect him from attack.  Report at 12, 17.  The City's failure to adequately train prison officers or to implement effective safety policies could reflect "deliberate indifference" on the part of municipal decision-makers so as to create an actionable § 1983 claim.  See Young v. County of Fulton, 160 F.3d 899, 903 (2d Cir. 1998).

      The magistrate judge also rightly determined that since plaintiff does not seek to name any individual defendants, nor does he assert any state law claims, defendants' motion to dismiss such claims is moot.

      In his report, the magistrate judge advised the parties that their failure to file timely objections thereto would constitute a waiver of such objections.  See Report at 28; see also Fed. R. Civ. P. 72(b).  No party filed objections to the Report, and their time to do so has expired.  After carefully reviewing the Report, this Court finds that the record is not facially erroneous.  Accordingly, this Court adopts the Report and, for the

reasons stated therein, defendants' motion to dismiss plaintiff's claims against the New York City Department of Correction and the New York City Board of Correction is granted. Defendants' motion to dismiss the claim against the City of New York is denied.

Dated: New York, New York
April 10, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge